IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN FRANKLIN SHAW | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MR. MICHAEL NUTTER, et al. | : | NO. 14-4755 |

MEMORANDUM

GOLDBERG, J.                                                                       AUGUST 20, 2014

      Plaintiff Benjamin Franklin Shaw, a prisoner at the Curran Fromhold Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983, based on an incident in which he cracked a tooth on a metal object in his food. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.     FACTS

      Plaintiff alleges that, on May 18, 2014, he cracked his tooth on a piece of metal that was in the chicken he was served for dinner. Plaintiff informed a correctional officer, who told him to "put in a dental sick call slip." The complaint indicates that plaintiff did so and was seen by medical or dental professionals, who gave him ibuprofen for his pain and amoxicillin. Plaintiff's tooth was subsequently removed on June 9, 2014. Plaintiff alleges that he was "in pain for nearly a month" until his tooth was removed, as he was "only given mild pain pills." (Compl. ¶ III.) Accordingly, he brought this action against Mayor Michael Nutter, "C.F.C.F. Jail Commissioner – Louis Giorla," "C.F.C.F. Jail Warden – Ferrell," and Aramark Food Services.

1

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

To state an Eighth Amendment claim, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Courts generally apply the same standard to claims raised by pretrial detainees based on inadequate medical care.[1] *See, e.g., Brown v. Deparlos*, 492 F. App'x 211, 214 (3d Cir. 2012) (per curiam); *Duran v. Merline*, 923 F. Supp. 2d 702, 729 (D.N.J. 2013); *see also King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008) (assessment of detainee's claim based on denial of medical care "involves an indirect application of the Eighth Amendment deliberate indifference standard"). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the

---

[1] The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). It is not clear from the complaint whether plaintiff was a convicted inmate or a pretrial detainee at the time of the events giving rise to his claims.

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Here, the complaint reflects that plaintiff was seen by medical professionals after he cracked his tooth, that he received medication for his pain, and that his tooth was extracted after approximately three weeks. Although plaintiff may have been in pain until his tooth was removed, nothing in the complaint suggests that he informed the defendants or anyone else of that fact and/or that any prison officials otherwise exhibited deliberate indifference. *See Ashcroft*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Nor are there any other allegations establishing how the named defendants were responsible for violating plaintiff's constitutional rights. Plaintiff cannot state a claim based solely on the fact that he injured himself on a piece of metal in his food because "an occasional incident of a foreign object finding its way into prison food, while regrettable, does not raise a question of constitutional proportion." *Murray v. Allen*, Civ. A. No. 10-1014, 2010 WL 4159261, at *2 (E.D. Pa. Oct. 21, 2010) (quotations and alteration omitted); *see also Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) ("A single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected."). In any event, Aramark Food Services may not be held liable under § 1983 unless its policies or customs caused a violation of plaintiff's

rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

### IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal will be without prejudice to plaintiff filing an amended complaint in the event he can state a plausible claim. An appropriate order follows.